JOSEPH SHORE, PAULINE SHORE and WARREN B. NICHOLS,

*vs.*

UNION DRUG COMPANY, a corporation existing under the laws of the State of Delaware, ARTHUR E. SIXSMITH, JOHN W. MAGER and EDWARD TALBOTT.

*New Castle, July 15, 1931.*

*Reuben Satterthwaite, Jr.,* and *William H. Foulk,* for complainants.

*Arthur G. Logan,* of the firm of Marvel, Morford, Ward & Logan, for demurrant.

THE CHANCELLOR: The demurrer to this bill seems to me to be founded on a misconception of its fundamental character. The core of the case which it presents is found in the contract that was formed. The bill in substance seeks a performance of that contract. The creation of the corporation grew out of the contract. The corporation was only an instrument which the parties created for the effectuation of the contract's intent. The corporation is thus a mere incidental feature in a case that seeks specific performance of a contract. Where such is the case, "the rules of law and practice applicable to such a suit and not those applicable to a stockholder's action govern" the proceeding. *Rogers v. Penobscot Mining Co.*, (*C. C. A.*) 154 *F.* 606, 611.

The grounds of demurrer therefore which are based on the view that this is in reality a class bill in behalf of stockholders of a corporation and that the complainants lack the necessary status to maintain it, are not well taken. It is not necessary therefore to consider whether the complainants are stockholders in equity and, if so, whether as such they may be permitted to sue in behalf of stockholders as a class.

The demurrer raises the contention that the bill presents no case calling for relief in equity, and that an adequate remedy at law exists by way of an action against Sixsmith for damages. If the bill's allegations be true, the complainants' rights were flagrantly disregarded and Sixsmith, by virtue of his manipulating power over the corporate instrument which was to evidence in permanent form the respective proprietary interests of the joint owners of the venture, has managed to exclude the complainants from any participation whatever in the enjoyment of the common enterprise. Some of the complainants originated the project and all of them labored to bring it to fruition. When the common end was attained, Sixsmith appropriated it as he saw fit to the exclusion of his associates. It will not do to say no wrong was done to them

that is cognizable in equity. There was something more than a mere breach of contract on the part of Sixsmith. He appropriated other people's property in fraud of their equitable rights. *Ritchie v. W. G. Strange Oil & Ref. Co.,* *(C. C. A.) 279 F. 49.* Neither will it do to say that they can sue him for damages and thereby secure adequate relief. A judgment against him will not give them the stock which they are entitled to receive. They cannot obtain the stock elsewhere. They are entitled to it as a thing which will express in permanent form the continuing participation which the original agreement gave and assured to them, and which is their equitable right.

The demurrant argued on its brief that the bill is multifarious. No such ground as that is specified. I accordingly pass it by. See however on the point, *Rogers v. Penobscot Mining Co., supra.*

It is objected that the bill shows upon its face that the only consideration which the complainants claim to have given for the shares of stock of the defendant company, consisted of services and money spent prior to the incorporation of the company and for that reason the complainants are not entitled to the stock. The brief explains the point intended to be made by this cause of demurrer as being that the consideration to be given by the complainants is no lawful consideration for stock. The consideration said to be shown is services rendered and moneys expended in behalf of the corporation prior to its creation. Services rendered and money paid constitute a good consideration for the issuance of stock of a corporation organized under the Delaware law. If consideration, lawful in quality, is laid out in behalf of a proposed corporation by its promoters before its actual existence, it is competent for the corporation, under proper circumstances, to adopt the contract made by the promoters that payment therefor should be in stock and issue its stock in consideration of the services thus rendered and the money thus spent in its behalf in anticipation of its creation. *United German Silver*

*Co. v. Bronson,* 92 *Conn.* 266, 102 *A.* 647. Whether the shares issued to Sixsmith and those associated with him were issued for such a consideration does not appear. If they were, it would seem that the complainants are entitled to their stipulated portion of the stock so issued. Even, indeed, if the shares issued to Sixsmith and his associates were issued in violation of the legal requirements as to consideration, the rights of the complainants are not thereby affected. *Ritchie v. W. G. Strange Oil & Refining Co., supra.*

It is doubtless possible to work out the equities of the parties by a compulsory allotment of the three hundred shares already issued on the basis originally agreed upon. If those shares were issued for a sort of consideration that was legally inadequate, the complainants' rights as before stated are not thereby affected. If the case should show that some consideration was given for the shares other than the rendering of services and the payment of money by the promoters in advance of incorporation, it will be in order, when such fact appears, to consider whether the complainants, before they can receive the agreed participation in stock, should not be required to place themselves in a similarity of position with respect to consideration corresponding to that of Sixsmith and his associates.

This seems to me to be clear, that if the facts charged by the bill are true, the complainants are entitled to have their proportionate ownership in the defendant corporation decreed to them, unless the rights of innocent holders for value have intervened in some way so as to prevent it; and that equity will be able to mould a remedy to effectuate the decree.

The demurrer will be overruled and the defendants put to answer. Order accordingly.